# 99 DTA 218

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA-FAJARDO

EDWIN TRUJILLO TORRES Y/O MIRTA SANTIAGO COSME
Peticionarios

v.

CIUDAD CENTRO, INC.
Recurrida

Núm. KLCE-96-00352

San Juan, Puerto Rico, a 9 de agosto de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Mediante sentencia del 30 de diciembre de 1998, el Tribunal Supremo ordenó que consideráramos los méritos de la revisión judicial de la determinación del Departamento de Asuntos del Consumidor (DACO), presentada por Edwin Trujillo Torres contra Ciudad Centro, Inc. (Ciudad Centro), la cual inicialmente fue desestimada por falta de jurisdicción, tanto por el Tribunal de Primera Instancia como el Tribunal de Circuito de Apelaciones.

Una vez resuelto por nuestro más alto foro que este tribunal tiene jurisdicción para entender en la controversia y devuelto el caso ante nuestra consideración el 5 de febrero de 1999, resolvemos en los méritos el recurso según lo ordenado.

El peticionario señala varios errores que, en síntesis, plantean que: incidió DACO al realizar una determinación en reconsideración, contraria al expediente y a su primera decisión.

Atendido el recurso, se expide el auto solicitado, se revoca la determinación administrativa en reconsideración y se devuelve el caso a la agencia para la continuación de los procedimientos conforme lo aquí resuelto. Veamos.

# I

El 26 de junio de 1993, el peticionario suscribió un contrato de compraventa con Ciudad Centro mediante el cual ésta se comprometía a construir una casa modelo Carolina en el local D-11, la cual el peticionario adquiriría. Para separar la propiedad, el peticionario pagó $3,000 dólares.

En marzo de 1994, el recurrido le informó al peticionario que el modelo Carolina no podía construirse por problemas de diseño, por lo que sin consentimiento del peticionario comenzó a construir un modelo diferente al pactado, el cual era más caro. Ese mismo mes, el peticionario presentó una querella ante DACO, reclamando el cumplimiento específico del contrato.

El 4 de enero de 1995, DACO aplicó las disposiciones del Código Civil relativas al cumplimiento específico de los contratos y ordenó al recurrido completar la construcción de la residencia según lo pactado con el peticionario. Se le apercibió que su incumplimiento conllevaría la imposición de una multa de $10,000 dólares.

Ciudad Centro solicitó reconsideración de dicho dictamen y DACO en reconsideración resolvió que el cumplimiento específico del contrato pactado entre las partes no era posible, ordenando la devolución de las prestaciones, pero no adjudicó daños.

Como ya Ciudad Centro había devuelto al peticionario los $3,000 que le había pagado como depósito, la agencia entendió que su orden se tornaba académica y sólo resolvió multar al recurrido por las violaciones reglamentarias relativas a la venta de un modelo de casa, para la cual no tenía los permisos de la Agencia de Reglamentos y Permisos (ARPE).

Inconforme con la determinación en reconsideración, el peticionario acudió oportunamente al Tribunal de Primera Instancia, el cual resolvió que no tenía jurisdicción. Acudió entonces a este foro, el cual confirmó la decisión recurrida, la cual eventualmente fue revocada por el Tribunal Supremo que ordenó que se considerara en los méritos la controversia planteada.

# II

El peticionario plantea, en síntesis, que erró DACO al tomar una determinación en reconsideración contraria al expediente y contradictoria con su primera decisión. De otra parte, DACO nuevamente alega que el recurso fue presentado fuera del plazo jurisdiccional contrario a lo resuelto por el Tribunal Supremo.

Resolvemos que le asiste la razón al peticionario.

El Art. 1077 del Código Civil establece que las obligaciones recíprocas pueden resolverse cuando uno de los obligados incumple su obligación. En dicho caso, la parte adversamente afectada puede exigir el cumplimiento específico de la obligación o la resolución del contrato. En ambos casos, tendrá derecho a una indemnización por daños y abono de intereses. 31 L.P.R.A. sec. 3052; *Neca Mortgage Corp. v. A & W Developers S.E.*, Opinión de 7 de febrero de 1995, **95 J.T.S. 10,** pág. 605.

Nuestro más alto foro ha señalado que es válida la delegación a las agencias administrativas de la facultad para adjudicar indemnizaciones por daños y perjuicios, tanto si lo provee el estatuto que crea el organismo administrativo, como si dicha facultad es cónsona con los poderes otorgados a dicha agencia y adelanta el propósito para el cual fue creada. *Quiñones Irizarry v. San Rafael Estates,* Opinión del 30 de junio de 1997, **97 J.T.S. 109**, pág. 1325.

Expresamente se le ha reconocido a DACO la autoridad de otorgar compensaciones por daños y perjuicios, porque dicha facultad adelanta los intereses de su ley habilitadora y sintetiza el deseo de proteger a los consumidores específicamente de prácticas indeseables de constructores de viviendas. *Hernández Denton v. Quiñones Disdier,* 102 D.P.R. 218, 222-223 (1974).

Dicha facultad pretende que DACO cumpla con la política pública de proteger adecuadamente los intereses de los compradores de viviendas, quienes no tienen a veces los recursos necesarios para hacer valer sus derechos frente a las empresas constructoras y los cuales son, de ordinario, la parte más débil en este tipo de transacción. Art. 1, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 L.P.R.A. sec. 341e (d); *Rivera Rentas v. A & C Development Corp.,* Opinión del 26 de noviembre de 1997, **97 J.T.S. 143**, pág. 352.

## III

A la luz del derecho discutido, analicemos los hechos ante nuestra consideración.

La propia agencia admite, tanto en la primera como en la segunda resolución, que Ciudad Centro no sólo incumplió con el contrato, sino que violentó los reglamentos de DACO al vender propiedades para las cuales no estaba autorizado. Independientemente del remedio concedido, cumplimiento específico o resolución del contrato, el peticionario tenía derecho a una compensación por los daños que se le causaron, conforme al Art. 1077 de Código Civil, *supra.*

Aunque el cumplimiento específico no pudiera concederse, procedía la resolución del contrato y, por lo tanto, como cuestión de derecho, la adjudicación de una indemnización al peticionario por los daños recibidos. Esto no se realizó, por lo cual erró DACO al no aplicar correctamente la disposición del Código Civil relativa a dicha situación.

A la luz de las circunstancias planteadas, se ordena la devolución del caso a DACO para la celebración de una vista donde se diluciden los daños causados al peticionario y así se adjudiquen.

## IV

Por los anteriores fundamentos, se expide el auto solicitado, en cuanto a que procede la concesión de una indemnización al peticionario por los daños causados. Se devuelve el caso a la agencia para que realice una vista a la brevedad posible para cumplir este dictamen.

Notifíquese inmediatamente por la vía ordinaria.

Lo acordó y manda el tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General